UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CASSANDRA ROBERTS,<br><br>    Plaintiff,<br><br>v.<br><br>CAROLE GROOM, et al.,<br><br>    Defendants. | Case No. 14-cv-04563-EDL<br><br>**ORDER DISMISSING COMPLAINT WITHOUT LEAVE TO AMEND**<br><br>Re: Dkt. No. 17 |

Plaintiff Cassandra Roberts filed her complaint and Application to Proceed In Forma Pauperis ("IFP Application") on October 14, 2014. On October 21, 2014, this Court GRANTED Plaintiff's IFP Application but reserved its determination of compliance with 28 U.S.C. § 1915(e)(2)(B). On October 22, 2014, Plaintiff consented to magistrate judge jurisdiction pursuant to 28 U.S.C. § 636(c).[1] On November 4, 2014, this Court dismissed Plaintiff's complaint with leave to amend, reasoning the original complaint "does not make any clear claims against any Defendant and is largely unintelligible." (Dkt. 9.) On December 10, 2014, Plaintiff filed an amended complaint, which this Court again dismissed, noting that the amended complaint "does not clearly state the factual allegations supporting [Plaintiff's] causes of action" and asserts "claims pursuant to 42 U.S.C. § 1983 against non-governmental actors and state employees who may be entitled to qualified immunity." (Dkt. 16.) On February 3, 2015, Plaintiff filed the operative second amended complaint. For the reasons set forth below, the second amended

---

[1] Since Defendants have not been served, the Court does not require their consent because they are not parties under the meaning of 28 U.S.C. § 636(c). See Ornelas v. De Frantz, 2000 WL 973684, *2, n.2 (N.D. Cal. 2000) (citing Neals v. Norwood, 59 F.3d 530, 532 (5th Cir. 1995) (magistrate judge had jurisdiction to dismiss prisoner's civil rights action without consent of the defendants because the defendants had not been served yet and therefore were not parties)).

complaint is dismissed with prejudice and without leave to amend.

Under 28 U.S.C. § 1915(a), "[a]ny court of the United States may authorize the commencement . . . of any suit . . . without prepayment of fees and costs or security therefor, by a person who makes affidavit that he is unable to pay such costs or give security therefor."  The court may dismiss a case sua sponte if the court determines that the party applying for in forma pauperis status has filed a frivolous action or that the action fails to state a claim on which relief may be granted.  28 U.S.C. § 1915(e)(2);  Jackson v. Arizona, 885 F.2d 639, 640 (9th Cir. 1989).  Dismissal on these grounds is often made sua sponte prior to the issuance of process, so as to spare prospective defendants the inconvenience and expense of answering such complaints.  Neitzke v. Williams, 490 U.S. 319, 324 (1989).

Plaintiff's second amended complaint is still largely unintelligible and does not contain a plain statement of factual allegations supporting her claims.  Furthermore, the second amended complaint does not remedy the qualified immunity issues raised in this Court's prior order.  See Rendell-Baker v. Kohn, 457 U.S. 830, 835 (1982) ("A claim may be brought under § 1983 only if the defendant acted 'under color' of state law.");  Lacey v. Maricopa Cnty., 649 F.3d 1118, 1130-31 (9th Cir. 2011) ("Qualified immunity shields public officials from civil damages for performance of discretionary functions . . . . Qualified immunity protects all but the plainly incompetent or those who knowingly violate the law . . . . [and] leaves ample room for mistaken judgments." (citations and internal quotation marks omitted)).  In light of the foregoing, leave to amend would be futile and the Court dismisses the second amended complaint with prejudice and without leave to amend.

**IT IS SO ORDERED.**

Dated: February 26, 2015

_____
Elizabeth D. Laporte
United States Magistrate Judge

2